IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                        Case No. 2:20-cv-01033-KWR-SMV

$50,240.00 IN UNITED STATES CURRENCY,
$6,109.00 IN UNITED STATES CURRENCY, and
$2,000.00 IN UNITED STATES CURRENCY,

        Defendants.

TREVON HARRISON,

        Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before Plaintiff's Motion to Strike Claim **(Doc. 16)**. Having considered the parties' filings and arguments, the Court finds that the Plaintiff's motion is **WELL-TAKEN** and, therefore, is **GRANTED IN PART**. Mr. Harrison's claim is **STRICKEN**, but the Court does not enter default judgment at this time.

### BACKGROUND

This is a civil asset forfeiture case. The United State seeks the forfeiture of (1) $50,240 in US currency, (2) $6,109 in US Currency, and (3) $2,000 in U.S. Currency. This defendant currency was seized at a border patrol checkpoint from a vehicle occupied by Mr. Wade, Jr., Mr. Idlebird, and Mr. Harrison. It appears that each person at some point claimed an interest in the defendant currency. **Doc. 1.** However, only Mr. Harrison filed a claim and answer.

Pursuant to Supplemental Rule G(6), the Government propounded certain special interrogatories to Mr. Harrison, and Mr. Harrison apparently did not respond.

## DISCUSSION

**I.     Motion to strike claim is unopposed and shall be granted.**

Plaintiff filed its motion to strike Mr. Harrison's claim on July 12, 2021.  Pursuant to the local rules, Mr. Harrison had fourteen days to file a response. D.N.M. Lr-Civ. 7.4(a).  He did not file a response.  The Government subsequently filed a notice of completion of briefing, as required by local rules.  D.N.M. LR-Civ. 7.4(e).  The notice stated that no response had been filed.  **Doc. 20.**  Mr. Harrison did not file a response or objection to the notice and did not request an extension.

The Government certified that it emailed the motion to Mr. Harrison and also mailed the motion to him via first class mail.  The email and address used were the ones given by his counsel in his motion to withdraw.  **Docs. 13, 14.**

Pursuant to the local rules, Mr. Harrison's failure to file a response constitutes consent to grant the motion.  D.N.M.Lr-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *United States v. $10,990.00 in United States Currency*, No. 18-CV-15-SWS/MLC, 2020 WL 1862972, at *3 (D.N.M. Feb. 27, 2020) (granting motion after claimant failed to file response), *citing Suazo v. Romero*, No. CV 19-0228 WJ/JHR, 2019 WL 5268616, at *1 (D.N.M. Oct. 17, 2019) (unpublished) (noting that a failure to file a response to a motion "alone is sufficient grounds to grant" the motion). The local rules apply to pro se parties, although the Court notes that Mr. Harrison previously has been represented in this case.  *United States v. 2687 S. Deframe Circle, Lakewood, Colo.*, 208 F.3d 228 (10th Cir. 2000)

Because Mr. Harrison did not respond, the Court will grant the motion and strike Mr. Harrison's claim.

## II.     Alternatively, the Government's motion to strike claim should be granted on the merits.

Alternatively, the Government's motion to strike should be granted on the merits. The Government asserts that claimant Mr. Harrison failed to respond to the Government's interrogatories, and therefore his claim should be stricken as expressly allowed under Supp. Rule G(8)(c). The Supplemental Rules to this civil asset forfeiture case. Supp. Rules. A(1)(B).

Supplemental Rule G(5) requires two responsive pleadings: (a) a claim, and (b) an answer. Supp. R. G(5)(a) and (b). *United States v. Real Property: 607 Maryland Ave., Alamogordo, New Mexico*, No. CIV 13-0155 RB/LAM, 2013 WL 12328841, at *1 (D.N.M. Nov. 19, 2013). A claim "insures that any party who wishes to defend a forfeiture action will be forced to swear his interest in the forfeited property." *Id.*. An answer "serves its normal function—to state in short and plain terms [the] defense to each claim asserted ... and to admit or deny the averments upon which the adverse party relies." *Id.* "If a claimant fails to file both a claim and an answer in a timely manner, [he] lacks statutory standing to assert [his] claim." *Id.*; *U.S. $29,410.00 in the U.S. Currency*, No. CIV-13-132-D, 2014 WL 457590, at *1 (W.D. Okla. Feb. 4, 2014).

Supplemental Rule G(6) allows the Government to serve special interrogatories "limited to the claimant's identify and relationship to the defendant property." Supp. Rule G(6)(a). The claimant is required to answer or object to the interrogatories within 21 days after the interrogatories are served. Supp. Rule G(6)(b). If the claimant fails to answer or object to the interrogatories, the Government may move to strike a claim or answer. Supp. Rule 8(c) ("at any

3

time before trial, the Government may move to strike a claim or answer: (a) for failing to comply with Rule G(5) or (6)).

"Courts … have granted the government's motions to strike verified claims and answers for failure to respond to special interrogatories." *U.S. $29,410.00 in the U.S. Currency*, No. CIV-13-132-D, 2014 WL 457590, at *1 (W.D. Okla. Feb. 4, 2014) (collecting cases); *United States v. Real Property: 607 Maryland Ave., Alamogordo, New Mexico*, No. CIV 13-0155 RB/LAM, 2013 WL 12328841, at *2 (D.N.M. Nov. 19, 2013) (striking claim for failure to respond or object to special interrogatories). "The dictates of Rule [G] are relatively plain and the case law applying it repeatedly states that compliance must be strict." *United States v. $5,730.00 in U.S. Currency,* 109 F. App'x 712, 714 (6th Cir.2004), *quoted in United States v. Funds in the Amount of $101,048.79 from Acct. No. 439002219499 Bank of Am.*, No. CIV. 10-1147 MV/RHS, 2012 WL 4498897, at *1 (D.N.M. Sept. 20, 2012). The Tenth Circuit has held that "[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)." *United States v. 2687 S. Deframe Circle, Lakewood, Colo.*, 208 F.3d 228 (10th Cir. 2000), *quoting United States v. One Parcel of Property,* 959 F.2d 101, 104 (8th Cir.1992).

A party whose claim is stricken for failing to respond to special interrogatories lacks statutory standing. *United States of Am., v. 8 Pieces of Assorted Jewelry*, No. 19-CV-01439-SKC, 2020 WL 4350197, at *2 (D. Colo. July 29, 2020); *See United States v. $29,410.00 in U.S. Currency*, 2014 WL 1276235, *3 (W.D. Okla. Mar. 27, 2014) (granting motion to strike for lack of standing where claimant failed to file an answer or respond to special interrogatories; "Statutory standing requires that a claimant strictly comply with the procedural requirements of the Supplemental Rules."), *aff'd*, 600 F. App'x. 621 (10th Cir. 2015); *United States v. $27,970.00 in*

4

*U.S. Currency*, 2010 WL 933762, at \*1 (S.D. Ga. Mar. 16, 2010) (striking the claim and answer of claimant for failing to respond to the government's special interrogatories within 21 days).

Here, the record is clear and undisputed that Mr. Harrison repeatedly failed to respond to the Government's special interrogatories.

On January 13, 2021, Plaintiff propounded its First Set of Interrogatories via first-class mail to Claimant's counsel, Brock Benjamin.  **Doc. 9.**  Mr. Benjamin moved to withdraw as counsel on February 21, 201, in part because of Claimant's failure to assist counsel in responding to Plaintiff's special interrogatories.  **Doc. 13.**  On March 17, 2021, Mr. Benjamin withdrew and Mr. Harrison proceed *pro se*.  On March 26, 2021, Plaintiff propounded again its first set of special interrogatories to Mr. Harrison via email and mail.  **Doc. 15; Doc. 16, Ex. 1 and 2.**  Mr. Harrison did not respond or communicate with the Plaintiff.  On May 6, 2021, Plaintiff sent a letter to claimant via email and first-class mail extending his deadline to respond.  **Doc. 16, Ex. 3.**

On May 17, 2021, Plaintiff sent an email to claimant to determine his position on this motion.  **Doc. 16.**  Plaintiff was subsequently contacted by an attorney who stated he had been retained to represent claimant in this matter but required additional time to investigate.  **Doc. 16 at 3.**  The claimant's new attorney requested a one-month extension.  *Id*.  On June 28, 2021, claimant' attorney notified Plaintiff that he would not longer be representing Claimant Harrison.

It appears that Mr. Harrison provided a recording contract, and Mr. Harrison claims he received the funds from this deal.  Agents determined that the PDF of the recording contract was created *after* the seizure in this case.  **Doc. 16 at 5.**  Although the recording contract was provided, the Court finds that it is undisputed that Mr. Harrison did not respond to the special interrogatories.

Despite multiple chances and multiple extensions, Mr. Harrison has not responded or objected to the Government's special interrogatories. Therefore, Mr. Harrison's claim should be stricken. Supp. Rule 8(c).

### III.     Court will not enter default judgment at this time.

In the motion, the Government also requested that the Court enter default judgment if the motion to strike the claim were granted. Claimant or other interested parties had the opportunity to oppose the entry of default judgment but did not respond.

Generally, after striking a claim or answer, the Court may enter judgment if no other claims remain. *United States v. $5,565.000 in United States Currency*, No. 09-CV-02212-WDM-MEH, 2010 WL 4256211, at *3 (D. Colo. Sept. 20, 2010) (After striking an answer, recommending that "because no other person has made a claim of the seized property in this action, this Court recommends that the District Court enter judgment in favor of the United States."), *report and recommendation adopted sub nom. United States v. $5,565.00 in U.S. Currency*, No. 09-CV-2212-WDM-MEH, 2010 WL 4222047 (D. Colo. Oct. 20, 2010); *See also United States v.$85,000 in U.S. Currency*, 2011 WL 1063295, *2 (D. Md. Mar. 21, 2011) (entering default judgment after the only claim was dismissed under Rule G(8)(c) for failure to answer special interrogatories); *United States v. $25,790 in U.S. Currency*, 2010 WL 2671754, *4 (D. Md. July 2, 2010) (granting motion to strike late claim for lack of statutory standing, and entering immediate default judgment because there were no other claimants); *United States v. $40,175.00 in United States Currency*, No. CV 19-64 GJF/KK, 2021 WL 247783, at *3 (D.N.M. Jan. 25, 2021)(striking claim and entering immediate default judgment). In these cases, however, it appears that there were no other possible claimants.

Fed. R. Civ. P. 55(a) provides that the clerk must enter a party's default where a party fails to plead or otherwise defend. This rule clearly does not apply to Mr. Harrison, as Mr. Harrison filed an answer and claim. Rather, Mr. Harrison's claim was stricken pursuant to Supp. Rule. G(8)(c) because Mr. Harrison failed to comply with the supplemental rules.

Here, however, it appears that some of the defendant currency was seized from other individuals. *See* **Doc. 1; Doc. 10 at 2** (noting that defendant currency was seized from Tracy Ray Wade, Jr. and Christopher Idlebird). Neither Mr. Wade nor Mr. Idlebird filed an answer and claim. Therefore, the Court finds it appropriate to require the government seek an entry of default pursuant to Fed. R. Civ. P. 55(a) prior to the entry of default judgment.

## CONCLUSION

The Court strikes Mr. Harrison's claim for failing to respond or object to the Government's special interrogatories. The Court declines to grant default judgment at this time, as explained above.

**IT IS THEREFORE ORDERED** that the motion to strike claim **(Doc. 16)** is hereby **GRANTED IN PART** for the reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**